## CHESTER W. JOHNSON v. A. C. BURMEISTER.[1]

January 23, 1931.

No. 28,114.

*Herbert H. Hoar* and *A. J. Rockne,* for appellant.
*Chester W. Johnson,* pro se.

[1]Reported in 234 N. W. 590.

Stóne, J.

In this action for the amount of an assessment against defendant on his constitutional liability as a stockholder in a Minnesota corporation, plaintiff had a directed verdict. Defendant appeals from the order denying his motion for new trial.

Defendant is sued as a stockholder in U. S. I. Realty Company. It was the second of two corporations organized by the same promoters, the first being styled the United States Installment Realty Company, which had become known, when the second company was launched, under the abbreviated name of "U. S. I. Realty Company." The story of how, for fraudulent purposes, certain promoters used the identity of the real name of company No. 2 with the commonly used abbreviated name of company No. 1 is told in Johnson v. Freid, 181 Minn. 316, 232 N. W. 519. In that case we sustained the claim of a supposed stockholder in company No. 2 that he had been fraudulently deceived into subscribing for stock, believing that he was getting that of company No. 1, and that in consequence there was no contract of subscription at all and he never became a stockholder in company No. 2.

■ That claim is now asserted on behalf of defendant in this action. It must be denied as matter of law because defendant was for some years a director of company No. 2. We go no farther into the facts because in Johnson v. Christlieb, 178 Minn. 9, 225 N. W. 927, we had the case of a codirector of defendant who sought to escape stockholder's liability upon the same ground now taken by this defendant. The latter had a more intimate connection with company No. 2, was a director for a longer time, and so had more opportunity for learning at least what company he was helping to manage than did Christlieb. We held him estopped as matter of law from denying that he was a stockholder. Upon authority of that case, we must apply a similar estoppel to defendant. It was correctly so ruled below.

■ It is argued for defendant that it was error to admit in evidence certain minute books of company No. 2 which showed that defendant was active as a director. The witness who identified

them had been for some time the auditor of the company and one of its directors. He identified the authenticating signatures of the president and secretary of the corporation. That was sufficient to make the documents admissible. Possibly a more satisfying witness would have been either the president or secretary. That they were both competent and possibly the best witnesses on the question does not render incompetent any other who had the qualifying knowledge. "It is not essential" that such writings "be proved by testimony of the officer who signed them." 5 Fletcher, 'Cyc. Corp. 4732. The discretion of the trial judge as to how much and what foundation to require for the introduction of documentary evidence is not so limited as to prevent his exercise of common sense. It was open to defendant to question the truthfulness or authenticity of the minutes, but he did not do so, although, as the record shows, he had the opportunity.

The order appealed from must be affirmed.

So ordered.